UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Louise Woodard o/b/o MLW,
a minor,
        Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,
        Defendant.
_____/

Case No. 1:14-cv-1050

HON. PAUL L. MALONEY

## ORDER ADOPTING REPORT AND RECOMMENDATION

This is a social security action brought under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). Plaintiff Susan Zack seeks review of the Commissioner's decision denying her claim for disability insurance benefits (DIB) under Title II of the Social Security Act. Magistrate Judge Phillip J. Green issued a report on February 12, 2016, recommending that the Court affirm the decision of the Commissioner. (ECF No. 16.) Plaintiff filed an objection (ECF No. 17), and the Commissioner filed a response (ECF No. 18) to the objection.

For the reasons discussed below, the Court will adopt the Report and Recommendation and affirm the Commissioner's decision.

**I.    STANDARD OF REVIEW**

Parties have 14 days to file written objections to the proposed findings and recommendations in a magistrate judge's report and recommendation ("R&R"). 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed, and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to object to an issue waives that issue, along with the party's right to appeal that issue. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice).

"This court's review of the Commissioner's decision is limited to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). "Substantial evidence" is "more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). So long as the Commissioner's decision is supported by substantial evidence, this court must affirm, even if substantial evidence also supports the opposite conclusion and even if the court would have decided the matter differently. *See Smith v. Chater*, 99 F.3d 780, 781–82 (6th Cir. 1996).

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health & Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1998). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of

credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## II.     LEGAL FRAMEWORK: CHILD'S CLAIM FOR SSI BENEFITS

Under the Work Opportunity Act's standard, a child seeking SSI benefits can establish disability only by showing that he suffers from a medically determinable physical or mental impairment that results in marked and severe functional limitations and lasts for a period of not less than twelve months.  42 U.S.C. § 1382c(a)(3)(C)(i). "The thrust of the legislation was most certainly to tighten eligibility." *Encarnacion ex rel. George v. Barnhart*, 331 F.3d 78, 83 (2d Cir. 2003). Under the current three-step analysis, the Commissioner must ask: (1) is the claimant

engaged in substantial gainful activity?; (2) are the impairments severe?; and (3) do the impairments meet, medically equal, or functionally equal in severity a listed impairment and satisfy the durational requirements? *See Elam ex rel. Golay v. Comm'r*, 348 F.3d at 125; *see also Barnett ex rel. D.B. v. Commissioner*, 573 F. App'x 461, 462–63 (6th Cir. 2014); 20 C.F.R. § 416.924(a). As a result of the Work Opportunity Act, a child claimant must meet or equal a listed impairment in order to qualify for SSI benefits. *See Encarnacion*, 331 F.3d at 84; *see also Smith v. Comm'r*, 564 F. App'x 758, 762 (6th Cir. 2014); 20 C.F.R. § 416.924(d)(2).

By regulation, an ALJ utilizes six domains of functioning to assist him in determining whether the combination of a minor's impairments equal the severity of a listed impairment: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) the claimant's ability to care for himself; and (6) the claimant's health and physical well-being. 20 C.F.R. § 416.926a(b)(1). Impairments must result in "marked" limitations in two domains or "extreme" limitations in one domain before they meet or equal a listed impairment's severity. 20 C.F.R. § 416.926a(d); *see, e.g., Kelly v. Comm'r*, 314 F. App'x 827, 832 (6th Cir. 2009); *Encarnacion*, 331 F.3d at 85.

A "marked" limitation "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2)(i). "'Marked' limitation also means a limitation that is more than moderate' but 'less than extreme.' It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean." *Id.*; *see Kelly*, 314 F. App'x at 832. By contrast, an "extreme" limitation is the rating given to the "worst limitations." 20 C.F.R. § 416.926a(e)(3)(i). An "extreme" limitation "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities." *Id*.

4

**III.   DISCUSSION**

Plaintiff objects to the Report and Recommendation on two grounds. The Court will address each in turn.

> **A.**   *"The ALJ's administrative findings that plaintiff had less than marked limitations in the following domains of functioning were not supported by substantial evidence: attending and completing tasks, interacting and relating with others, and caring for himself."*

Plaintiff first takes issue with a footnote in the Magistrate Judge's report, which states that

> [m]uch of the evidence filed in this case falls outside the relevant time period, which ran from August 23, 2011, the date of plaintiff's application for SSI benefits was filed, through May 9, 2013, the date of the ALJ's decision. Evidence from outside the relevant time period is minimally probative and is considered only to the extent it illuminates the claimant's condition during the relevant period.

(ECF Nos. 14 at PageID.459, 15 at PageID.473.) Plaintiff's qualms with the relevant time period as defined by the Magistrate Judge in a footnote are well-taken. However, Plaintiff misconstrues the report in asserting that "the Magistrate Judge did not attribute *any* weight to the medical evidence preceding the filing of plaintiff's application for SSI." (ECF No. 15 at PageID.473 (emphasis added).) That is not true, which Plaintiff tacitly admits by disputing the report's assessment of two doctor visits outside of that very period, both concluding that Plaintiff was more or less normal. (*See* ECF No. 14 at PageID.459 ("On July 11, 2011 plaintiff was examined by Samuel Grossman, M.D. . . . Plaintiff's physical examination was normal. Dr. Grossman noted that MLW's current medications were 'working well, progress in school [was] satisfactory, behavior [was] satisfactory, appetite [was] good, slep[t] well, [and he was] not current experiencing any adverse reactions.'") ("On July 19, 2011, Prathima Chaloori, M.D., conducted a physical examination. He found that plaintiff did not have any physical defects or illness that

5

would warrant restricting his physical activities.").) Even assuming, for the sake of argument, that the Magistrate Judge did not give *any* weight to the medical evidence preceding the filing of plaintiff's application for SSI, the ALJ did, and substantial evidence clearly existed to support the ALJ's determinations in this case.[1]

Plaintiff then goes onto cite a non-medical report from his teacher, among other evidence. But Plaintiff crucially does not seem to grasp that "[h]is burden on appeal is much higher." That is, Plaintiff must "demonstrate that the ALJ's determination that he was not disabled is not supported by substantial evidence." *E.g., Peterson v. Comm'r*, 552 F. App'x 533, 430 (6th Cir. 2014). Put more specifically, in the context of the applicable legal framework, here, Plaintiff must demonstrate that the ALJ's finding that Plaintiff did not have "marked" limitations in two domains or "extreme" limitations in one domain, was not supported by "substantial evidence."

Again, a "marked" limitation "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2)(i). "'Marked' limitation also means a limitation that is more than moderate' but 'less than extreme.' It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean." *Id.*; *see Kelly*, 314 F. App'x at 832. By contrast, an "extreme" limitation is the rating given to the "worst limitations." 20 C.F.R. § 416.926a(e)(3)(i). An "extreme" limitation "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities." *Id*.

And here is where Plaintiff fails. In his objections he (understandably) does not cite to or explicitly address Dr. Kumar's conclusions once. Dr. Kumar, one of only three witnesses at the

---

[1] The opinion of Dr. Kumar is particularly persuasive to the Court, as he was one of three witnesses who testified at the hearing, and the ALJ and the Magistrate Judge found his opinion to be very credible, taken in context with the entire record.

6

administrative hearing, and a pediatrician who reviewed the administrative record and had the opportunity to question and observe Plaintiff during the hearing, offered his sound opinion that Plaintiff did not meet or equal requirements of any listed impairment. (ECF No. 7-2 at PageID.86.) He testified that Plaintiff had the following limitations in the six domains of functioning: a less than mild limitation in in acquiring and using information, a less than marked limitation in attending and completing tasks, between less than marked and marked in interacting and relating with others, no limitation in moving about and manipulating objects, a less than mild limitation in caring for himself, and a less than mild limitation in health and physical well-being. He cited specific evidence supporting each opinion. (*Id.* at PageID.86–87.) He indicated that his opinion that plaintiff had a less than marked limitation in attending and completing tasks was largely based on the teacher evaluations found in Exhibit 10E. (*Id.* at PageID.86, 89–90.)

As the Magistrate Judge noted in his analysis, which even Plaintiff concedes is "closely reasoned" (*see* ECF No.15 at PageID.472), "[i]t is not sufficient for plaintiff [on appeal] to point to 'pieces of evidence' on which the ALJ *could have based* a finding in his favor." (*Id.* at PageID.465.) Merely repeating the same arguments through a teacher's opinion, along with the conclusion that Plaintiff was disabled by his treating physician, "which is not entitled to any special significance" in this case, does not change the result here. (*See id.* at PageID.466.) The ALJ's decision with respect to each of the challenged domains is supported by substantial evidence.[2] The Court adopts all of the Magistrate Judge's evidence with the exception of footnote four.

---

[2] As the magistrate judge noted, "[e]ven assuming that plaintiff could somehow establish an error by the ALJ in not finding that plaintiff had a marked limitation in one of the challenged domains, the error would be harmless because plaintiff has not shown that he had a marked limitation in a second domain." (*Id.* (citing *Normal ex rel. MDN v. Comm'r*, No. 1:11-cv-903, 2012 WL 5874476, at *9 (W.D. Mich. Nov. 20, 2012) (collecting cases)).)

> B. *"The ALJ erred by not giving appropriate weight to the opinions that Dr. Metter expressed in her questionnaire responses and by not considering the factors set forth in 20 C.F.R. § 416.927(d) (sic.-(c).")*

The Court similarly struggles to find any reason to disturb the Commissioner's decision or the findings of the ALJ and magistrate judge with respect to the weight of Dr. Metter's opinion. Plaintiff takes issue with the Magistrate Judge's *quotation* to the Code of Federal Regulations and supporting case law in *Gayheart v. Comm'r*, 710 F.3d 365, 376 (6th Cir. 2013). (ECF No. 15 at PageID.476 ("A treating physician's opinion is not entitled to controlling weight where it is not 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and is 'inconsistent with the other substantial evidence in [the] case record.'").)

The Court has already addressed Plaintiff's objection as it relates to "the period at issue." That is, even acknowledging qualms in a footnote with respect to the time period, the Magistrate Judge discusses evidence outside of that time period, and the Court finds that any error in announcing the "time period" standard was harmless, as the decisions below were easily supported by substantial evidence. *Cf. Smith*, 99 F.3d at 782 ("[E]ven if the district court—had it been in the position of the ALJ—would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."); *Jones v. Comm'r*, 336 F.3d 469, 477 (6th Cir. 2003) ("[T]he Commissioner's decision cannot be overturned if substantial evidence, *or even a preponderance of the evidence supports the claimant's position*, so long as substantial evidence also supports the conclusion reached by the ALJ." (emphasis added)).

Plaintiff states that his "disabling impairments are mental and there are no medically acceptable clinical and laboratory tests of mental disease." By the plain text of the regulation, though, that is precisely the point. Where no tests *exists*, the treating physician's opinion is

8

inherently more subjective, and thus not entitled to controlling weight. *See Gayheart*, 710 F.3d at 376. "If the Commissioner does not give a treating-source opinion controlling weight, then the opinion is weighed based on the length, frequency, nature, and extent of the treatment relationship, as well as the treating source's area of specialty and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence." *Id.* (internal citations omitted). Then, as *Gayheart* notes, "[t]he Commissioner is required to provide 'good reasons' for discounting the weight given to a treating-source opinion," and "[t]hese reasons must be 'supported by evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Id.* Further, and regardless, "[o]ther factors 'which tend to support or contradict the opinion' may be considered in assessing any type of medical opinion." *Id.*

The Magistrate Judge concluded that "[t]he ALJ considered all the evidence and found that the 'marked' restrictions that Dr. Mettler suggested in the domains of attending and completing tasks interacting and relating with others, and in caring for yourself, were not well supported, *and were not consistent with Dr. Mettler's progress notes and the record as a whole*." (ECF No. 14 at PageID.470 (emphasis added).) Plaintiff, in conclusory fashion, states that "Dr. Metler's (sic) opinions are supported by the record and other professional opinions who have either examined plaintiff or have been in close contact with him for a considerable amount of time. Both the ALJ and the Magistrate Judge failed to accord sufficient weight to Dr. Mettler's opinions as to plaintiff's degree of impairment." (ECF No. 15 at PageID.476.) Plaintiff so asserts in conclusory fashion without any discussion to *Gayheart* or other relevant case law, and arguably without "pinpoint[ing] those portions of the magistrate's report that the district court

must specifically consider." *Mira*, 806 F.2d at 637 (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider").[3] Regardless, the Court agrees and adopts the Magistrate Judge's conclusion that "[t]he ALJ gave 'good reasons' for the weight that he gave to Dr. Mettler's questionnaire responses. Her opinions were not well supported by other record evidence, including school records. Her progress notes for the period at issue[4] did not support the level of restriction that she suggested. The Sixth Circuit has consistently held that inconsistencies between proffered restrictions and the underlying treatment records are good reasons for discounting a treating source's opinions." (ECF No. 14 at PageID.470.)

In sum, because of the high standard Plaintiff faces on appeal, the Court cannot say that "substantial evidence" did not exist for the ALJ's decision. *See, e.g., Smith*, 99 F.3d at 782 ("[E]ven if the district court—had it been in the position of the ALJ—would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."); *Jones*, 336 F.3d at 477 ("[T]he Commissioner's decision cannot be overturned if substantial evidence, *or even a preponderance of the evidence supports the claimant's position*, so long as substantial evidence also supports the conclusion reached by the ALJ." (emphasis added)).

---

[3] In fact, Plaintiff does not even cite to a single page in the record, leaving the Court to wade back through the original briefs and puzzle together Plaintiff's objections with the record. Plaintiff's second objection teeters on the borderline of waiver. *See id.*

[4] This is a prime example of "harmless error" with respect to the Magistrate Judge's report. Because even if the Magistrate Judge did not give full weight to evidence outside of a certain time period, there were still inconsistencies between proffered restrictions and the underlying treatment records, which by regulatory definition means that the treating-physician's opinion is not entitled to controlling weight. *See, e.g., Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 549 (6th Cir. 2014). Further, and most importantly, regardless, the decisions below were supported by substantial evidence. *See id.* at 551 ("Thus, the ALJ's error in labeling the weight she gave to Wagner's opinion as 'controlling' was harmless because the ALJ's opinion on a whole was consistent with the regulations.").

## **ORDER**

For the reasons contained in the accompanying opinion, Plaintiff's **OBJECTIONS** are **OVERRULED**, and the Report and Recommendation is **ADOPTED**. The Commissioner's decision is **AFFIRMED**. **JUDGMENT** in favor of the Commissioner will follow.

**IT IS SO ORDERED**.

Date:   March 25, 2016              /s/ Paul L. Maloney
                                     Paul L. Maloney
                                     United States District Judge